## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MINNESOTA LIFE INSURANCE COMPANY, | ) ) ) |
| *Plaintiff* | ) ) Case No.: 3:21-cv-00104 |
| v. | ) ) ) |
| LAURA B. KRUMM, EDWARD C. FLORIAN, GEORGE E. FLORIAN, SUSAN A. MARLER individually and as the Executor of the ESTATE OF EDWARD J. FLORIAN, and KUTIS FUNERAL HOME INC., | ) ) ) ) ) ) ) ) |
| *Defendants* | ) |

## COMPLAINT FOR INTERPLEADER

Interpleader Plaintiff, MINNESOTA LIFE INSURANCE COMPANY ("Minnesota Life"), by its attorneys, Jacqueline J. Herring and Rachel Beattie of Smith von Schleicher & Associates, hereby submits its Complaint for Interpleader pursuant to Fed. R. Civ. P. 22 and 28 U.S.C. §1335.  Minnesota Life requests that the Court enter an Order authorizing Minnesota Life to deposit with the Clerk of the Court, or other Court ordered escrow representative, the $122,100 life insurance proceeds which are payable by reason of the death of Edward J. Florian (the "Insured").

### PARTIES

1.  Minnesota Life is a corporation duly organized and existing under the laws of Minnesota with its principal place of business in St. Paul, Minnesota.  Minnesota Life is a citizen of Minnesota.

2.  Laura B. Krumm ("Laura Krumm") is a resident and citizen of Illinois, residing in Collinsville, Illinois, and is the former spouse of the Insured.

3. Edward C. Florian ("Edward Florian Sr.") is a resident and citizen of Missouri, residing in St. Louis, Missouri, and is the father of the Insured.

4. George E. Florian ("George Florian") is a resident and citizen of Missouri, residing in Cape Girardeau, Missouri, and is the brother of the Insured.

5. Susan A. Marler ("Susan Marler"), in her individual capacity, is a resident and citizen of Missouri, residing in St. Louis, Missouri, and is the sister of the Insured. Susan Marler is the Executor of the Estate of Edward J. Florian (the "Estate") (Case No. 2020P52, Twentieth Judicial Circuit, Illinois). In her capacity as Executor of the Estate, Susan Marler is deemed to be a citizen of the same state as the Insured, pursuant to 28 U.S.C. §1332(c)(2). The Insured was a citizen of Illinois.

6. Kutis Funeral Home, Inc. ("Kutis Funeral Home") is a corporation incorporated under the laws of Missouri with its principal place of business in St. Louis, Missouri. Kutis Funeral Home is a citizen of Missouri.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction of this action pursuant to 28 U.S.C. §1335 because this is in an interpleader action in which two or more adverse claimants of diverse citizenship claim entitlement to money or property of the value of $500 or more. This Court also has original jurisdiction of this action pursuant to 28 U.S.C. §1332 because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs. Further, this is an interpleader action pursuant to Federal Rule of Civil Procedure 22.

8.  Venue is proper pursuant to 28 U.S.C. §1397 and 28 U.S.C. §1391(b) because one or more of the claimants and defendants reside in this district, and a substantial part of the events giving rise to this action occurred in this district.

## CLAIM FOR INTERPLEADER

9.  The Insured was an employee of the State of Illinois, and had basic and optional life insurance coverage under Group Term Life Insurance Policy No. 32491-G, issued by Minnesota Life to the State of Illinois as Policyholder.  A copy of the Group Policy is attached as Exhibit A, and a copy of the Certificate of Insurance effective August 1, 2019 is attached as Exhibit B.

10. The Insured died on May 31, 2020.  A copy of the Certificate of Death is attached as Exhibit C.

11. Upon the Insured's death, basic life benefits in the amount of $40,700 and optional life benefits in the amount of $81,400, for a total amount of $122,100 (the "Proceeds") became payable under the Group Policy to the proper beneficiary or beneficiaries.

12. The Insured designated Laura Krumm, his then-spouse, as the primary beneficiary of 100% of his coverage under the Group Policy on September 12, 2002.  He did not name a contingent beneficiary.  A copy of the September 12, 2002 Beneficiary Designation is attached as Exhibit D.

13. The Insured and Laura Krumm divorced on September 12, 2013.  The Judgment for Dissolution of Marriage did not contain any reference to life insurance or beneficiary designations.  A copy of the Judgment for Dissolution of Marriage is attached as Exhibit E.

14. The State of Illinois amended the Illinois Marriage and Dissolution of Marriage Act effective January 1, 2019.  The amendment added the following provision to the law:

    Disposition of property and debts

    …

    (b-5) (2) If a judgment of dissolution of marriage is entered after an insured has designated the insured's spouse as a beneficiary under a life insurance policy in force at the time of entry, the designation of the insured's former spouse as beneficiary is not effective unless:

        (A) the judgment designates the insured's former spouse as the beneficiary;

        (B) the insured redesignates the former spouse as the beneficiary after entry of the judgment; or

        (C) the former spouse is designated to receive the proceeds in trust for, on behalf of, or for the benefit of a child or a dependent of either former spouse.

    (3) If a designation is not effective under paragraph (2), the proceeds of the policy are payable to the named alternative beneficiary or, if there is not a named alternative beneficiary, to the estate of the insured.

750 ILCS 5/503.

    15.    The Group Policy provides:

    We [Minnesota Life] will pay the death benefit to the beneficiary or beneficiaries. A beneficiary is named by you to receive the death benefit to be paid at your death. You may name one or more beneficiaries.

(Ex. B, Cert. of Ins., pg. MIN00026).

    16.    The Group Policy contains an order of priority ("Order of Priority") for payment of benefits if there is no eligible beneficiary or if no beneficiary is named:

    If there is no eligible beneficiary, or if you do not name one, we will pay the death benefit to:

        (1) your lawful spouse, if living; otherwise
        (2) your natural or legally adopted child (children) in equal shares, if living; otherwise
        (3) your parents in equal shares, if living; otherwise
        (4) your brothers and sisters in equal shares, if living; otherwise
        (5) the personal representative of your estate.

(Ex. B, Cert. of Ins., pg. MIN00026).

17. Laura Krumm submitted a Beneficiary Statement to Minnesota Life dated July 30, 2020, seeking payment of the Proceeds to herself.

18. Edward Florian Sr. submitted a Beneficiary Statement to Minnesota Life dated December 17, 2020, seeking payment of the Proceeds to himself. Edward Florian Sr. further informed Minnesota Life that as the "main beneficiary" he wished to disclaim 2/3 of the Proceeds, and to split the Proceeds equally between himself and the Insured's two siblings, George Florian and Susan Marler.

19. George Florian submitted a Beneficiary Statement to Minnesota Life dated December 31, 2020, seeking payment of 1/3 of the Proceeds to himself.

20. Susan Marler submitted a Beneficiary Statement to Minnesota Life dated January 13, 2021, seeking payment of 1/3 of the Proceeds to herself.

21. Minnesota Life received three Assignments of insurance proceeds for funeral expenses, each purporting to assign the amount of $5,209.90 to Kutis Funeral Home: one Assignment signed by Laura Krumm dated August 1, 2020, one Assignment signed by Laura Krumm dated November 18, 2020, and one Assignment signed by Edward Florian Sr. dated December 10, 2020. Copies of the three Assignments are attached as Exhibit F.

22. On December 29, 2020, Minnesota Life informed Laura Krumm by letter that it was unable to issue payment of the Proceeds to her based on the provisions of 750 ILCS 5/503(b-5). Laura Krumm, through counsel, responded by letter on December 30, 2020. Laura Krumm's attorney asserted that the provisions of 750 ILCS 5/503(b-5) did not apply to Laura Krumm and the Insured because their divorce occurred before the statutory provision took effect. Counsel stated that if benefits were not paid to Laura Krumm, she would file a lawsuit. In

5

addition, Laura Krumm informed Minnesota Life that she and the Insured were engaged to be remarried before his death, and that it was the Insured's intention that she receive the Proceeds.

23.     If 750 ILCS 5/503(b-5) does *not* apply to a divorce that occurred before the January 1, 2019 effective date of the statute, then the Proceeds would be payable to Laura Krumm pursuant to the September 12, 2002 Beneficiary Designation.

24.     If 750 ILCS 5/503(b-5) does apply to a divorce that occurred before the January 1, 2019 effective date of the statute, then the Proceeds would be payable to "the named alternative beneficiary or, if there is not a named alternative beneficiary, to the estate of the insured" pursuant to 750 ILCS 5/503(b-5)(3).  The statute does not define "named alternative beneficiary."  If "named alternative beneficiary" means a designated contingent beneficiary, then the benefits would be payable to the "estate of the insured" because the Insured did not designate a contingent beneficiary.  If "named alternative beneficiary" instead means the payee entitled to benefits when no eligible beneficiary is named, then the Proceeds would be payable according to the Group Policy's Order of Priority.

25.     Under the Group Policy's Order of Priority, the Proceeds would be payable to the Insured's father, Edward Florian Sr., because the Insured did not have a spouse or natural or legally adopted children at the time of his death.  Edward Florian Sr. further informed Minnesota Life that he wished to disclaim 2/3 of the Proceeds, and to split the Proceeds equally between himself, George Florian and Susan Marler.  If Edward Florian Sr. were to disclaim 2/3 of the Proceeds, then under the Group Policy's Order of Priority the remaining 2/3 of the Proceeds would be payable in equal shares to the Insured's siblings, George Florian and Susan Marler.

6

26. In addition, Minnesota Life received two Assignments signed by Laura Krumm, and one Assignment signed by Edward Florian Sr., each purporting to assign $5,209.90 of the Proceeds to Kutis Funeral Home for payment of funeral expenses.

27. Minnesota Life is a disinterested stakeholder and is unable to determine who is entitled to the Proceeds or to make payment without being subject to multiple liabilities. Therefore Laura Krumm, Edward Florian Sr., George Florian, Susan Marler, the Estate, and Kutis Funeral Home are competing claimants with respect to the Proceeds, and an interpleader action is necessary to protect Minnesota Life from being exposed to potential multiple liability.

28. Minnesota Life is willing to tender the Proceeds to the Clerk of the Court, or other Court ordered escrow representative. Upon tender of the Proceeds, Minnesota Life should be dismissed from any further involvement or participation in this litigation with prejudice. Thereafter, Laura Krumm, Edward Florian Sr., George Florian, Susan Marler, the Estate, and Kutis Funeral Home should be required to interplead with each other to determine their respective rights to any of the Proceeds.

29. Minnesota Life has incurred costs and fees to initiate this interpleader action to resolve the competing claims to the Proceeds. Minnesota Life requests an award of its costs and reasonable attorneys' fees to be deducted from the Proceeds to be deposited with the Clerk of Court.

WHEREFORE, Plaintiff, MINNESOTA LIFE INSURANCE COMPANY, respectfully requests that the Court enter an Order for the following relief:

(i) Authorizing Minnesota Life to deposit with the Clerk of the Court, or other Court ordered escrow representative, the Proceeds and any applicable interest payable under the Group Policy due to the death of the Insured;

(ii) Requiring Laura Krumm, Edward Florian Sr., George Florian, Susan Marler, the Estate, and Kutis Funeral Home to interplead with each other to determine their respective rights to the Proceeds;

(iii) Discharging Minnesota Life and all its parents, subsidiaries, and affiliates, and the State of Illinois as Policyholder, from any further liability with respect to the Proceeds payable under the Group Policy due to the death of the Insured, and from any further liability to Laura Krumm, Edward Florian Sr., George Florian, Susan Marler, the Estate, Kutis Funeral Home, and anyone claiming by or through them, under the Group Policy or with respect to the Proceeds, including any interest or claims related thereto, or the Insured's coverage;

(iv) Enjoining and restraining Laura Krumm, Edward Florian Sr., George Florian, Susan Marler, the Estate, Kutis Funeral Home, and anyone claiming by or through them from instituting any action or proceeding in any state or federal court against Minnesota Life, all its parents, subsidiaries, and affiliates, or the State of Illinois as Policyholder for recovery of the Proceeds, including any interest or claims related thereto, and any other claims related to the Insured or the Insured's coverage under the Group Policy;

(v) Dismissing Minnesota Life from this litigation, with prejudice; and

(vi) Awarding Minnesota Life its reasonable attorneys' fees and costs incurred herein to be paid from the Proceeds, along with any and all other relief the court deems appropriate.

Respectfully submitted,

| | |
|---|---|
| Jacqueline J. Herring (Ill. Bar No. 6282246)<br>Rachel Beattie (Ill. Bar No. 6305444)<br>SMITH \| VON SCHLEICHER + ASSOCIATES<br>180 N. LaSalle St. Suite 3130<br>Chicago, Illinois 60601<br>P  312.541.0300 \| F  312.541.0933<br>jackie.herring@svs-law.com<br>rachel.beattie@svs-law.com | By: */s/ Jacqueline J. Herring*<br>Attorney for Interpleader Plaintiff,<br>Minnesota Life Insurance Company |